# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TERRY JOE BEASLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 3:17-cv-00726** |
| ) | **Judge Aleta A. Trauger** |
| **WELLS FARGO BANK, N.A.,** *et al.*, ) | |
| ) | |
| **Defendants** ) | |

## MEMORANDUM

Before the court are the Motion for Judgment on the Pleadings (Doc. No. 8), filed by defendants Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of Park Place Securities, Inc., asset-backed pass-through Certificates Series 2004-MCW ("Park Place"), Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "Wells Fargo defendants"), and plaintiff Terry Joe Beasley's Motion to Remand (Doc. No. 11). The Motion to Remand has been fully briefed and is ripe for review.

For the reasons set forth herein, the Motion to Remand (Doc. No. 11) will be denied. Because the court may appropriately exercise jurisdiction over this action, the plaintiff will be directed to file a response to the Wells Fargo defendants' Motion for Judgment on the Pleadings.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Beasley filed the Complaint in this action on March 10, 2017 in the Chancery Court for Rutherford County, Tennessee. (Doc. No. 6-1). He sues the Wells Fargo defendants and the Small Business Administration ("SBA").

According to the allegations in the Complaint, Beasley resides in Tennessee and owns

real property known as 2009 College View Drive, Murfreesboro, Tennessee 37130 (the "Property"). Park Place and Wells Fargo are foreign corporations doing business in Tennessee. (Compl. ¶¶ 1–3.) The SBA is a federal agency and is the beneficiary of a certain Deed of Trust to the Property, recorded in the Office of the Rutherford County Register of Deeds. The plaintiff alleges that the SBA is an "indispensable party to this action as it has an interest in any foreclosure proceeds over $100,000." (Compl. ¶ 4.)

The plaintiff previously filed suit against the Wells Fargo defendants; that action too was removed to this court. (Compl. ¶ 7.) The undersigned granted the defendants' Motion for Judgment on the Pleadings and dismissed the action without prejudice, for failure to state a claim for which relief could be granted. *Beasley v. Wells Fargo Bank, N.A.*, 2017 WL 413856 (M.D. Tenn. Jan. 31, 2017). According to the Complaint in that action, the plaintiff borrowed $189,000 from Ameriquest Mortgage Company ("Ameriquest") to purchase the Property in 2004. At some point, Ameriquest transferred and assigned the Deed of Trust and Note to Wells Fargo, as Trustee for Park Place. Beasley eventually defaulted on his mortgage. In April 2016, Wells Fargo initiated foreclosure proceedings. Those proceedings were apparently postponed while Beasley pursued the previous action. *Id.* at *1.

Beasley alleges in his current Complaint that, while the prior action was pending and without notice to the plaintiff, his attorney, or the SBA, the Wells Fargo defendants proceeded with the non-judicial foreclosure sale of the Property, at which it sold the Property for $100,000. (Compl. ¶¶ 4, 8–9.) The actual value of the Property is approximately $175,000. (Compl. ¶ 10.) Wells Fargo, as Trustee, had previously entered into a Limited Subordination Agreement in 2009, which required any proceeds from a sale of the Property over the amount of $100,000 be paid to the SBA. (*See* Compl. ¶ 10 and Ex. A.) At the time Beasley acquired the Property, he had

an SBA loan in place and secured by the Property. He has continued to make payments on the SBA loan and remains current on that loan. (Compl. ¶ 11.)

Beasley alleges that, by proceeding with the non-judicial foreclosure sale without notice to him or to the SBA and by selling the Property for substantially less than fair market value, the Wells Fargo defendants interfered with the contract between the plaintiff and the SBA and deprived both the plaintiff and the SBA of approximately $75,000. (Compl. ¶ 13.)

Based on these factual allegations, the plaintiff asserts a claim against the Wells Fargo defendants for "Wrongful Foreclosure" in violation of Tennessee law, Tenn. Code Ann. § 35-5-101 *et seq.*, and the Tennessee Constitution. He asserts that the Wells Fargo defendants' actions have "caused damages to Plaintiff and to SBA not exceeding $75,000." (Compl. ¶ 20.) He seeks judgment in his favor and damages, as well as "an injunction . . . preventing Defendants or [their] agents from further foreclosure and eviction actions against Plaintiff's home." (Compl. at 6.)

The Wells Fargo defendants were served with the Complaint on March 27, 2017 and removed it to this court on April 20, 2017. (Notice of Removal ¶ 2, Doc. No. 1.) The asserted basis for removal is diversity jurisdiction under 28 U.S.C. § 1332, because the controversy is between citizens of different states and the amount in controversy exceeds $75,000.

The Wells Fargo defendants filed an Answer on April 27, 2017. (Doc. No. 7.) They filed their Motion for Judgment on the Pleadings (Doc. No. 8) on May 5, 2017. Rather than responding to that motion, the plaintiff, on May 9, 2017, filed his Motion to Remand (Doc. No. 11), arguing that this court lacks jurisdiction because (1) the SBA did not consent to removal; and (2) the plaintiff alleges damages of less than $75,000, so the amount in controversy is not met.

## II.     MOTION TO REMAND

Generally, a civil case brought in state court may be removed by a defendant to federal court only if the action is one over which the federal court could have exercised original jurisdiction. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over civil actions where the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Here, there is no dispute that the parties are completely diverse.[1] The parties disagree, however, as to (1) whether Wells Fargo complied with the procedural requirements for removal; and (2) whether the amount-in-controversy requirement is satisfied.

### A.     Procedural Requirements

The statute governing the procedure for removal provides that, when an action is removed under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This rule, referred to as the "rule of unanimity," *see, e.g.*, *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004), has historically been strictly construed. *Klein v. Manor Healthcare Corp.*, 19 F.3d 1433 (Table), 1994 WL 91786, at *3 n.8. However, exceptions to the general rule requiring joinder or consent by all defendants exist when "(1) the non-joining defendant has not been served with service of process at the time the removal petition is filed [and] (2) the non-joining defendant is merely a nominal or formal party . . . ." *Id.* (citation omitted).

In his Motion to Remand, Beasley argues that remand is required because the Wells Fargo defendants failed to obtain the SBA's consent to removal. In response, the Wells Fargo defendants argue that the SBA's consent was not required, both because (1) it had not been

---

[1] The parties also agree that the SBA, as a federal agency, would have the ability to remove the action under 28 U.S.C. § 1442(a)(1).

served at the time of removal, and (2) it is a nominal defendant whose consent was not required.

The court concludes on the basis of the record before it that the Wells Fargo defendants removed the case before the SBA had been served. The Wells Fargo defendants specifically averred in their removal documents that the SBA, to the best of counsel's knowledge, had not yet been served, and they subsequently filed in this court a copy of all documents served upon them in the state-court action, in accordance with 28 U.S.C. § 1446(a). Beasley, in his Motion and Reply, does not contend that the SBA had already been served nor has he produced documentation indicating that the SBA had, in fact, been served by the time of removal. To date, the SBA has not entered an appearance or pleading in this court, so it remains unclear whether the SBA has ever been served (or whether it has been made aware of these removal proceedings). Regardless, because the plaintiff does not dispute the Wells Fargo defendants' contention that the SBA had not been served at the time of removal, the SBA's consent to removal was not required. 28 U.S.C. § 1446(b)(2)(A).

In addition, as indicated above, "[n]ominal parties are excepted from the requirement that all defendants join in or consent to removal to federal court." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 257 (4th Cir. 2013). *See also* Charles Alan Wright et al., 14C Fed. Prac. & Proc. Juris. § 3730 (4th ed.) (collecting cases). The Wells Fargo defendants contend that the SBA's consent to removal is not required because it is a nominal party. The plaintiff insists, to the contrary, that the SBA is an indispensable party.

Although the Sixth Circuit does not appear to have precisely defined the term "nominal party," several other circuits have held that a defendant is nominal if "there is no real basis for liability against that defendant or where that defendant's interests are not genuinely adverse to the plaintiff." *Geiman v. N. Ky. Water Dist.*, No. 2:13-cv-177, 2014 WL 12573717, at *5 (E.D.

Ky. Jan. 16, 2014). *See, e.g.*, *Hartford Fire Ins. Co.*, 736 F.3d at 260 ("Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal."); *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) (defining nominal defendants as "those against whom no real relief is sought" and holding that nominal defendants need not join or consent to removal (citation omitted)); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993) ("A defendant is nominal if there is no reasonable basis for predicting that it will be held liable."), *abrogated in other part by Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006); *Farias v. Bexar Cnty. Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991) ("To establish that non-removing parties are nominal parties, the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." (internal quotation marks omitted)); *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970) ("The ultimate test of whether the . . . defendants are . . . indispensable parties . . . is whether in the absence of the (defendant[s]), the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." (citation omitted)).

The plaintiff argues that the SBA is not merely a nominal party because the plaintiff is a beneficiary of the 2009 Limited Subordination Agreement between Wells Fargo and the SBA and that "[b]oth the SBA and Plaintiff have a real interest in having the property sold for the actual fair market value." (Doc. No. 14, at 3.) Beasley further insists that the "SBA's interest is real and any resolution of this case without SBA would not be 'consistent with equity and good conscience' and would be unfair and inequitable to the SBA." (*Id.* (quoting *Tri-Cities Newspapers, Inc.*, 427 F.2d at 327).)

These arguments are unavailing. First, to the extent the plaintiff may be deemed an intended third-party beneficiary of the Limited Subordination Agreement, he may have the ability to bring breach-of-contract claims *on his own behalf*, based on an alleged breach of that agreement. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. Concord EFS, Inc.*, 59 S.W.3d 63, 68 (Tenn. 2001) ("[T]hird parties may enforce a contract if they are intended beneficiaries of the contract."). And the SBA itself may well have grounds to bring a breach of contract claim against the Wells Fargo defendants. The plaintiff, however, does not have standing to assert claims on behalf of the SBA. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[T]his Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Likewise, to the extent the SBA has an interest in the Property, it must assert such claims arising from such interest on its own behalf.

Moreover, the allegations in the Complaint make it clear that the plaintiff has no real basis for liability against the SBA. *Accord Geiman*, 2014 WL 12573717, at *5. The Complaint does not actually assert any claims against the SBA. It does not allege that the SBA took or failed to take any action that interfered with the plaintiff's legal interests or violated his legal rights. It does not allege that the SBA itself was involved in the foreclosure proceedings. The Complaint does not seek damages against the SBA. Rather, it specifically asserts that the Wells Fargo defendants' actions damaged the plaintiff and the SBA. (Compl. ¶ 20.)

In short, the plaintiff does not seek relief against the SBA, so there is no reasonable basis for predicting that the SBA could be held liable to him. The court therefore concludes that the SBA is a nominal defendant whose permission to remove was not required.

### B. Amount in Controversy

The parties also dispute whether the plaintiff's statement in his Complaint that Wells Fargo has "caused damages to Plaintiff and to SBA not exceeding $75,000" (Compl. ¶20) is sufficient to destroy diversity jurisdiction.

Normally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). That general rule does not apply, however, if the initial pleading either seeks non-monetary relief, such as an injunction, or seeks "a money judgment, but the State practice either does not permit a demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). Both of those conditions are met here. First, under Tennessee law, the plaintiff would be permitted to recover damages in excess of the amount demanded. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (noting that Rule 54.03 of the Tennessee Rule of Civil Procedures is analogous to Rule 54(c) of the Federal Rules of Civil Procedure, both of which permit a party "to recover damages in excess of what she prayed for"). And, indeed, in addition to damages of $75,000, the plaintiff specifically demands "[s]uch other and further relief to which [he] may be entitled." (Compl. at 6.) Second, the plaintiff seeks an injunction "preventing Defendants or [their] agents from further foreclosure and eviction actions against Plaintiff's home" (Compl. at 6).

Regarding the plaintiff's requested injunction, the Sixth Circuit recognizes that, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

The plaintiff concedes that the Property subject to foreclosure is worth approximately $175,000. (Compl. ¶ 10.) He nonetheless maintains that the value of the litigation is limited to $75,000—the difference between the actual value of the Property and the foreclosure price ($100,000). In response, the Wells Fargo defendants argue that "the amount in controversy is measured by the value of the object of the litigation," which, in this case, is admittedly more than $75,000. (Doc. No. 12, at 2 (quoting *Moulds v. Bank of N.Y. Mellon*, No. 1:11–CV–200, 2011 WL 4344439, *3 (E.D. Tenn. Sept. 14, 2011).

This court likewise concludes that the amount in controversy here consists of the value of the Property in foreclosure, which is the subject of the plaintiff's demand for an injunction. Whether that figure is deemed to be $175,000 or $100,000, it still exceeds the jurisdictional threshold. The court therefore finds that the Wells Fargo defendants have established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

## III. CONCLUSION

Because the Wells Fargo defendants have established that they were not required to obtain the consent of the SBA at the time they removed the case and that the amount in controversy exceeds $75,000, the Motion to Remand will be denied. The plaintiff will be directed to file a response to the Motion for Judgment on the Pleadings within fourteen days.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge